*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

OLIVER BAKEMAN,

      Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

      Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY OF
AMERICA, HANOVER INSURANCE COMPANY,
and MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

      Defendants.

FOR PUBLICATION
November 10, 2022

No. 357195
Macomb Circuit Court
LC No. 2019-005246-NF

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

JANSEN, J. (*concurring*)

I concur in the majority opinion, but write separately to address one point. Plaintiff first testified that it was not his signature on the attendant care forms, and then testified that his signature had been copied. If it is plaintiff's contention that a forgery occurred, the burden is on him at the summary disposition phase to make an offer of proof. If the party moving for summary disposition under MCR 2.116(C)(10) meets its initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists. *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party may not rely on mere allegations or denials in pleadings to do so. *Id*. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. at 363. As noted by the majority, plaintiff provided no evidence that his signature had been copied on the

form.  Contrary to plaintiff's assertions, the burden to prove that such a forgery exists rests on him, and not the insurance company.  I therefore concur in the rest of the majority opinion.

/s/ Kathleen Jansen